EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2018000855**

AUG 15, 2018 11:36 AM

*Melba Scoggins*
Melba Scoggins, Clerk
Bartow County, Georgia

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SPRINGFIELD ) | |
| CONSTRUCTION, INC., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **FILE NO. 18-CV-855** |
| PREMIER CHOICE REALTY ) | |
| AND  INVESTMENTS, LLC, ) | |
| ) | |
|    Defendant. ) | |

### DEFENDANT PREMIER CHOICE REALTY AND INVESTMENTS, LLC'S VERIFIED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Premier Choice Realty and Investments, LLC (hereinafter "Premier"), Defendant herein, hereby responds to Complaint in Equity for Specific Performance; for Declaratory Judgment; and Action for Damages for Unjust Enrichment (hereinafter "Complaint") asserted against Premier by Springfield Construction, Inc. (hereinafter "Springfield"), Plaintiff herein.

### ANSWER

### FIRST DEFENSE

Springfield's claims are barred in whole or in part because Springfield has failed to state a claim upon which relief can be granted.

H:\MATTERS\PREMIER & MALTRIA\PREMIER & MALTRIA v. SPRINGFIELD\PLEADINGS\Answer and Counterclaim.docx

<div style="border:1px solid black;">

**EXHIBIT**

**5**

</div>

## SECOND DEFENSE

Springfield's claims are barred in whole or in part because Premier has not breached any obligations owing to Springfield imposed by law or contract.

## THIRD DEFENSE

Springfield's claims are barred in whole or in part because Premier is not indebted to Springfield.

## FOURTH DEFENSE

Springfield's claims are barred in whole or in part by the doctrine of estoppel.

## FIFTH DEFENSE

Springfield's claims are barred in whole or in part by the doctrine of waiver.

## SIXTH DEFENSE

Springfield's claims are barred in whole or in part by the doctrine of unclean hands.

## SEVENTH DEFENSE

Springfield's claims are barred in whole or in part by Springfield's failure to mitigate damages.

## EIGHTH DEFENSE

Springfield's claims are barred in whole or in part by failure of consideration.

H:\MATTERS\PREMIER & MALTRIA\PREMIER & MALTRIA v. SPRINGFIELD\PLEADINGS\Answer and Counterclaim.docx

## NINTH DEFENSE

Springfield's claims are barred in whole or in part because conditions precedent were not satisfied.  Specifically, the Lot Release Commitment (hereinafter the "Agreement") stated a condition precedent "upon the sale of Lot 118" and the payment by Springfield of "a lot release price of $25,000.00."  The sale of Lot 118 did not occur, and Springfield did not pay the lot release price of $25,000.00.  Therefore, Premier was never required to release its lien upon Lot 118.

## TENTH DEFENSE

Springfield's claims are barred in whole or in part because they are subject to setoff.

## ELEVENTH DEFENSE

Springfield's claims are barred in whole or in part because they are subject to recoupment.

## TWELFTH DEFENSE

Springfield's claims are barred in whole or in part by Springfield's own negligence.

## THIRTEENTH DEFENSE

Springfield's claims are barred in whole or in part by Springfield's own tortious conduct.

## FOURTEENTH DEFENSE

Springfield's claims are barred in whole or in part because none of the alleged wrongs by Premier are the cause in fact or the proximate cause of damage to Springfield.

## FIFTEENTH DEFENSE

Springfield's claims are barred in whole or in part because Springfield has suffered no damages.

## SIXTEENTH DEFENSE

Springfield's claims are barred in whole or in part because the Agreement is unenforceable and void for vagueness.

## SEVENTEENTH DEFENSE

Premier responds to the numbered paragraphs of the Complaint as follows:

### 1.

Premier admits that it is an Alabama limited liability company that is qualified to do business in this state.  Premier denies each of the remaining averments contained within Paragraph 1 of the Complaint.

### 2.

Premier admits that this Court has personal jurisdiction over it.  Premier denies the remaining averments contained within Paragraph 2 of the Complaint.

3.

Premier admits the averments contained within Paragraph 3 of the Complaint.

4.

Premier denies each of the averments contained within Paragraph 4 of the Complaint.

BACKGROUND FACTS

5.

Premier admits that a Deed to Secure Debt, Book No. 2903 and Page Nos. 302-305, was filed and recorded in the Superior Court of Bartow County, Georgia on March 3, 2017 and that said Deed is the best evidence of what it states.  Premier denies each of the remaining averments contained within Paragraph 5 of the Complaint.

6.

Premier admits the averments contained within Paragraph 6 of the Complaint.

7.

Premier admits that Exhibit A to the Complaint is a true and correct copy of the Agreement and is the best evidence of what it states.  Premier denies each of the remaining averments contained within Paragraph 7 of the Complaint.

8.

Premier admits that a Deed Under Power of Sale, Book No. 2993 and Page Nos. 280-283, was filed and recorded in the Superior Court of Bartow County, Georgia on April 3, 2018 and said Deed is the best evidence of what it states. Premier further admits that it foreclosed on its Deed to Secure Debt to acquire title to the real property described in the Deed Under Power of Sale, Book No. 2993 and Page Nos. 280-283.  Premier denies each of the remaining averments contained within Paragraph 8 of the Complaint.

9.

Premier admits that a Quitclaim Deed in Satisfaction, Book No. 3012 and Page Nos. 123-125, was filed and recorded in the Superior Court of Bartow County, Georgia on June 14, 2018 and that said Deed is the best evidence of what it states. Premier denies each of the remaining averments contained within Paragraph 9 of the Complaint.

10.

Premier denies each of the averments contained within Paragraph 10 of the Complaint.

11.

Premier denies each of the averments contained within Paragraph 11 of the

Complaint.

### 12.

Premier admits that Premier is the rightful owner of Lot 118, Premier has entered into a contract to sell Lot 118, which it has the legal right to do, and Springfield has wrongfully and tortiously filed and recorded an Affidavit and a Notice of *Lis Pendens* upon the subject property to prevent the sale of Lot 118. Premier denies each of the remaining averments contained within Paragraph 12 of the Complaint.

### 13.

On information and belief, Premier denies each of the averments contained within Paragraph 13 of the Complaint.

### 14.

On information and belief, Premier denies that Springfield constructed the home on Lot 118.  Premier is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained within Paragraph 14 of the Complaint, and for that reason, can neither admit nor deny same.

### 15.

On information and belief, Premier denies each of the averments contained within Paragraph 15 of the Complaint.

16.

Premier is without knowledge or information sufficient to form a belief as to the truth of the averments contained within Paragraph 16 of the Complaint, and for that reason, can neither admit nor deny same.

17.

Premier admits that Lot 118 and the house located therein were worth more than $150,000.00 before Springfield wrongfully filed an Affidavit and Notice of *Lis Pendens* on the subject property. Premier is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained within Paragraph 17 of the Complaint, and for that reason, can neither admit nor deny same.

18.

Premier admits it has entered into a contract to sell Lot 118 and the house located therein to Stacey Gibson for $182,900.00. Premier is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained within Paragraph 18 of the Complaint, and for that reason, can neither admit nor deny same.

COMPLAINT FOR SPECIFIC PERFORMANCE

19.

In response to Paragraph 19 of the Complaint, all paragraphs of this Defendant

Premier Choice Realty and Investments, LLC's Verified Answer, Affirmative Defenses, and Counterclaim (hereinafter "Answer and Counterclaim") are hereby incorporated into this paragraph by this reference as if fully restated verbatim herein.

20.

Premier denies each of the averments contained within Paragraph 20 of the Complaint.

21.

Premier is without knowledge or information sufficient to form a belief as to the truth of the averments contained within Paragraph 21 of the Complaint, and for that reason, can neither admit nor deny same.

22.

Premier denies each of the averments contained within Paragraph 22 of the Complaint.

23.

Premier denies each of the averments contained within Paragraph 23 of the Complaint.

24.

Premier denies each of the averments contained within Paragraph 24 of the Complaint.

<u>FOR DECLARATORY JUDGMENT</u>

25.

In response to Paragraph 25 of the Complaint, all paragraphs of this Answer and Counterclaim are hereby incorporated into this paragraph by this reference as if fully restated verbatim herein.

26.

Premier denies each of the averments contained within Paragraph 26 of the Complaint.

27.

Premier denies each of the averments contained within Paragraph 27 of the Complaint.

<u>FOR UNJUST ENRICHMENT</u>

28.

In response to Paragraph 28 of the Complaint, all paragraphs of this Answer and Counterclaim are hereby incorporated into this paragraph by this reference as if fully restated verbatim herein.

29.

On information and belief, Premier denies each of the averments contained within Paragraph 29 of the Complaint.

30.

Premier denies each of the averments contained within Paragraph 30 of the Complaint.

31.

Premier denies each of the averments contained within Paragraph 31 of the Complaint.

32.

Premier denies each of the averments contained within Paragraph 32 of the Complaint.

33.

Premier denies each of the averments contained within Paragraph 33 of the Complaint.

<u>FOR ATTORNEY FEES AND EXPENSES OF LITIGATION</u>

34.

In response to Paragraph 34 of the Complaint, all paragraphs of this Answer and Counterclaim are hereby incorporated into this paragraph by this reference as if fully restated verbatim herein.

35.

Premier denies each of the averments contained within Paragraph 35 of the

Complaint.

## 36.

Premier denies each of the averments contained within Paragraph 36 of the Complaint.

## 37.

Premier denies each of the averments contained within Paragraph 37 of the Complaint.

## NOTICE OF *LIS PENDENS*

## 38.

Premier admits that Springfield has wrongfully filed a Notice of *Lis Pendens* on the subject property, but denies that Springfield has (or had) the legal or equitable right to do so.  Premier denies each of the remaining averments contained within Paragraph 38 of the Complaint.

## 39.

Premier denies that it is indebted to or liable to Springfield in any amount whatsoever or for any equitable relief whatsoever.  To the contrary, Springfield is indebted to and liable to Premier, as set forth in the below Counterclaim.

## 40.

All averments contained within the Prayer for Relief of the Complaint are

hereby denied by Premier.

### 41.

All averments contained in the Complaint which are not expressly admitted or denied hereinabove are hereby denied by Premier

### 42.

WHEREFORE, Premier hereby demands a jury trial on all issues triable to a jury in this action and hereby respectfully requests that the Court (a) deny all relief requested by Springfield; (b) enter judgment on all counts and claims of Springfield and on all defenses and denials of Premier in favor of Premier; (c) award Premier its reasonable attorneys' fees, litigation expenses, and costs in defending this action; and (d) award Premier such other and further relief as this Court deems just and proper.

## **COUNTERCLAIM**

### 43.

Premier hereby asserts the following Counterclaim in this action against Springfield.

### 44.

Springfield is a Georgia corporation with its principal office and its registered office at 12 Forest Hill Drive SW, Cartersville, Bartow County, Georgia 30120.

45.

Premier is an Alabama limited liability company with its principal office address at 6925 Cottage Hill Road, Suite C, Mobile, Alabama 36695.  Premier's sole manager and member, Dr. Chykeetra Maltbia, is a resident of Alabama.

46.

The amount in controversy in this action exceeds $75,000.00.

47.

Venue and jurisdiction are proper in the United States District Court for the Northern District of Georgia, Rome Division.

FACTS

48.

The real property directly at issue in this case is known as Lot 118 of the Monticello Estates Subdivision, Phase 1, Bartow County, Georgia (hereinafter "Lot 118").

49.

In mid-2016, KDM Construction & Development, LLC (hereinafter "KDM") owned the Monticello Estates Subdivision, including Lot 118.

50.

In mid-2016, the Monticello Estates Subdivision, including Lot 118, became

- 14 -

encumbered by two security interests granted by KDM: (1) a first lien in favor of Gravity Segregation, LLC (hereinafter "Gravity"), and (2) a second lien in favor of Premier.

51.

The first lien on the Monticello Estates Subdivision to Gravity is evidenced by a Deed to Secure Debt, Book No. 2855 and Page Nos. 193-201, filed and recorded in the Superior Court of Bartow County, Georgia on August 16, 2016, a true and correct copy of which is attached hereto as Exhibit 1.

52.

The second lien on the Monticello Estates Subdivision to Premier is evidenced by a Deed to Secure Debt, Book No. 2855 and Page Nos. 202-206, filed and recorded in the Superior Court of Bartow County, Georgia on August 16, 2016, a true and correct copy of which is attached hereto as Exhibit 2.

53.

On March 3, 2017, KDM granted a Warranty Deed to Springfield for Lot 118, which was filed and recorded in the Superior Court of Bartow County, Georgia, Book No. 2903 and Page No. 301, a true and correct copy of which is attached hereto as Exhibit 3.

54.

The Warranty Deed from KDM to Springfield for Lot 118 states that it is subject to the Deed to Secure Debt from KDM to Gravity and the Deed to Secure Debt from KDM to Premier.

55.

KDM defaulted on the loans from Gravity and Premier.

56.

On July 31, 2017, after Premier began proceedings to foreclose on the Monticello Estates Subdivision, including Lot 118, KDM filed for Chapter 11 bankruptcy in the United States District Court for the Northern District of Georgia, thereby imposing an automatic stay on Premier's foreclosure.

57.

On September 8, 2017, the bankruptcy court dismissed KDM's petition for Chapter 11 bankruptcy.

58.

On November 7, 2017, KDM again filed for Chapter 11 bankruptcy in the United States District Court for the Northern District of Georgia, thereby again imposing an automatic stay on Premier's foreclosure.

- 16 -

59.

On January 30, 2018, the bankruptcy court entered a Consent Order Dismissing Case (Subject to Objections), in which the bankruptcy court granted Premier's motion to dismiss KDM's petition for Chapter 11 bankruptcy with prejudice and enjoined KDM from filing another bankruptcy case for a period of 180 days from February 12, 2018, subject to objections by parties in interest.  A true and correct copy of said Consent Order Dismissing Case (Subject to Objections) is attached hereto as Exhibit 4.

60.

On February 9, 2018, Springfield filed an Objection to Dismissal of Case with the bankruptcy court, a true and correct copy of which is attached hereto as Exhibit 5.

61.

Springfield refused to withdraw its Objection to Dismissal of Case unless and until Premier entered into the Agreement.

62.

On February 13, 2018, Premier and Springfield entered into the Agreement, a true and correct copy of which is attached hereto as Exhibit 6.

63.

The Agreement provides as follows in relevant part:

KDM executed and delivered to Premier that certain "Deed to Secure Debt" recorded on the records of the Clerk of Superior Court of Bartow County, Georgia at Book 2855, Page 202 (the "Security Deed") whereby KDM conveyed certain real property (the "Property");

\*\*\*

Premier covenants and agrees that in the event Springfield withdraws its Objection and the Bankruptcy Court dismisses the Bankruptcy Case pursuant to the terms of the original Dismissal Order, then Premier shall release its lien upon Lot 118 (but only Lot 118) pursuant to the Security Deed upon the sale of Lot 118 in consideration for a lot release price of $25,000.00 (the "Lot Release Price").  Only a single Lot Release Price shall be due in that such Lot Release Price shall not be in addition to any Lot Release price owed the first-priority lender if the first priority security deed remains in effect.

64.

On February 13, 2018, Springfield withdrew its Objection to Dismissal of Case.

65.

On February 16, 2018, the bankruptcy court entered a Final Order Dismissing Case, a true and correct copy of which is attached hereto as Exhibit 7.

66.

Springfield did not pay the lot release price of $25,000.00.

- 18 -

67.

The sale of Lot 118 did not occur.

68.

Consequently, Premier foreclosed on its lien on the Monticello Estates Subdivision, including Lot 118.

69.

On April 3, 2018, the Deed Under Power of Sale to Premier of the Monticello Estates Subdivision, Book No. 2993 and Page Nos. 280-283, was filed and recorded in the Superior Court of Bartow County, Georgia, a true and correct copy of which is attached hereto as Exhibit 8.

70.

Premier also purchased Gravity's priority lien interest on the Monticello Estates Subdivision for $1.1 million.

71.

Consequently, Gravity issued a Quitclaim Deed in Satisfaction, Book No. 3012 and Page Nos. 123-125, which was filed and recorded in the Superior Court of Bartow County, Georgia on June 14, 2018, and a true and correct copy of which is attached hereto as Exhibit 9.

72.

Premier is now the sole record titleholder of the Monticello Estates Subdivision, including Lot 118.

73.

Premier dispossessed KDM from the Monticello Estates Subdivision, including Lot 118, pursuant to Default Judgment and Writ of Possession dated April 25, 2018.

74.

On May 4, 2018, the Bartow County Sheriff delivered full and quiet possession of the Monticello Estates Subdivision, including Lot 118, to Premier.

75.

Premier has entered into a contract to sell Lot 118 and the house located therein to Stacey Gibson for $182,900.00.

76.

Premier has also entered into a contract to sell the entire Monticello Estates Subdivision, Phase 1 (excepting Lot 118).  One condition of the closing of said contract is that Premier must sell Lot 118 at a price no lower than $180,000.00.

77.

On June 24, 2018, KDM's registered agent, Danny Earl McDaniel

- 20 -

("McDaniel"), sent an email to Premier's sole manager and member, Dr. Chykeetra

Maltbia, with the subject line: "You Fucked Up!"  The body of the email reads in its

entirety:

> You have to either be the dumbest woman I have ever known or you
> are retarded!! You had a legal obligation to notify me by email, certified
> letter or a phone call with both as to doing anything with any of my
> property located on Monticello Subdivision. You had and has always
> had all elements of contact with my company as well as me personally
> in order to legally go by the laws in this respect. I promise you without
> the least remorse that you will pay dearly for what you have done. I
> am legally going to have your ass on a plate!!!!! **I will be filing all
> liens against the property** for all my assets that you have disposed of
> and the illegal manner in which you have done. I hope, no I am glad
> that you think that nothing was going to happen as to to the dirty way
> you and that shithead husband of yours cheated me out of the many
> thousands of dollars that I had invested in the project. So, get ready
> , the shit is going to hit the fan!!!!! By the way you are going to
> honor the contracts that are in place during the **long and costly
> litigation that you are facing.** I promise you with all of my being.
> Just be glad that I am not a violent person!!! Most anyone that gets
> fucked the way you have fucked me would have done fucked you both
> up. I hope that the ones you are fucking right now files any and all
> litigation against you both and if they don't have the money they can
> jump on my band wagon. **You will be hearing from all attorneys that
> are involved with this and you better have deep pockets you will
> need them!!!**

(emphasis added).   A true and correct copy of said June 24, 2018 email from

McDaniel to Dr. Maltbia is attached hereto as Exhibit 10.

78.

On information and belief, McDaniel, an ex-felon, has acted in a conspiracy

with Springfield to make fraudulent claims of ownership or color of title to Lot 118.

79.

On further information and belief, McDaniel, who is not a licensed contractor, secretly built the home currently located on Lot 118 at the express direction of Springfield.

80.

On further information and belief, KDM used monies that KDM and McDaniel fraudulently obtained from Premier or others to finance the construction of the home currently located on Lot 118.

81.

By letter dated June 29, 2018, counsel for Springfield notified Premier that Springfield filed an Affidavit in the Bartow County real estate records related to the Agreement and Lot 118.

82.

True and correct copies of the June 29, 2018 letter from counsel for Springfield to Premier and the Affidavit, Book No. 3015 and Page Nos. 915-919, which Springfield filed and recorded in the Superior Court of Bartow County, Georgia on June 29, 2018 (hereinafter the "Affidavit") are attached hereto as Exhibits 11 and 12, respectively.

83.

By letter dated July 6, 2018, counsel for Premier responded to the June 29, 2018 letter from counsel for Springfield, objected to the recording of the slanderous Affidavit, demanded immediate cancellation of record of the Affidavit, and denied that Springfield had any rights or claims of title to Lot 118 under the Agreement or otherwise.  A true and correct copy of the July 6, 2018 letter from counsel for Premier to counsel for Springfield is attached hereto as Exhibit 13.

84.

On July 13, 2018, Springfield wrongfully filed and recorded a Notice of *Lis Pendens* on Lot 118, Book No. 218 and Page Nos. 983-984, in the Superior Court of Bartow County, Georgia, which Springfield also filed in this action.

<u>CAUSES OF ACTION</u>

<u>COUNT ONE – INJUNCTION</u>

85.

All paragraphs of this Answer and Counterclaim are hereby incorporated into this paragraph by this reference as if fully restated verbatim herein.

86.

Springfield wrongfully and illegally filed an Affidavit and Notice of *Lis Pendens* on Lot 118.

87.

Springfield's actions are malicious, illegal, and contrary to equity and good conscience.

88.

Premier does not have an adequate remedy at law for the continuing wrongful actions of Springfield.

89.

If the Court does not grant Premier an injunction, Premier will likely suffer immediate and irreparable injury, loss, and damage.

90.

Premier cannot proceed with any sale of Lot 118, and may not be able to proceed with the sale of the remainder of the Monticello Estates Subdivision, Phase 1, unless and until the Affidavit and Notice of *Lis Pendens* is cancelled and removed from the record.

91.

The Court should enter an interlocutory injunction and a permanent injunction enjoining Springfield from interfering with Premier's ownership of the Monticello Estates Subdivision, enjoining Springfield, from making, filing, or recording any claim of title upon the subject property, and requiring the cancellation and removal

H:\MATTERS\PREMIER & MALTBIA\PREMIER & MALTBIA v. SPRINGFIELD\PLEADINGS\Answer and Counterclaim.docx

from the record of Springfield's Affidavit and Notice of *Lis Pendens*.

<p align="center">COUNT II – DECLARATORY JUDGMENT</p>

<p align="center">92.</p>

All paragraphs of this Answer and Counterclaim are hereby incorporated into this paragraph by this reference as if fully restated verbatim herein.

<p align="center">93.</p>

Premier is entitled to a Declaratory Judgment that the Agreement is unenforceable, void for vagueness, and lacks consideration and that Springfield's Affidavit and Notice of *Lis Pendens* are void and without legal effect.

<p align="center">COUNT III – SLANDER OF TITLE</p>

<p align="center">94.</p>

All paragraphs of this Answer and Counterclaim are hereby incorporated into this paragraph by this reference as if fully restated verbatim herein.

<p align="center">95.</p>

Premier is the sole owner of record and titleholder of the Monticello Estates Subdivision, including Lot 118.

<p align="center">96.</p>

Springfield has wrongfully filed and recorded the Affidavit and the Notice of *Lis Pendens*, which purport to make a claim of title to Lot 118 and to enforce a

<p align="center">- 25 -</p>

purported contractual right to title.

97.

Springfield alleged facts in the Affidavit and the Notice of *Lis Pendens* that are false and malicious.

98.

Premier has sustained special damages as a result of Springfield's slanderous statements in the Affidavit and the Notice of *Lis Pendens* related to Lot 118.

99.

As a direct result of Springfield's malicious slander of title, Premier cannot proceed with any sale of Lot 118, has incurred monetary damages of at least $182,900.00, and may not be able to proceed with the sale of the remainder of the Monticello Estates Subdivision, Phase 1.

100.

Premier is entitled to compensation from Springfield for all damages suffered by Premier caused by the slander of title by Springfield.

COUNT IV – ATTORNEYS' FEES AND EXPENSES OF LITIGATION

101.

All paragraphs of this Answer and Counterclaim are hereby incorporated into this paragraph by this reference as if fully restated verbatim herein.

102.

Springfield is liable to Premier for all reasonable attorneys' fees and expenses of litigation of Premier incurred in pursuing claims in this action against Springfield and defending claims in this action by Springfield.

103.

Premier has suffered and will continue to suffer substantial damages caused by Springfield for all reasonable attorneys' fees and expenses of litigation of Premier incurred in pursuing claims in this action against Springfield and defending claims in this action by Springfield.

104.

Springfield has acted in bad faith, has been stubbornly litigious, and has forced Premier to suffer unnecessary trouble and expense.

COUNT V – PUNITIVE, DETERRENCE, AND EXEMPLARY DAMAGES

105.

All paragraphs of this Answer and Counterclaim are hereby incorporated into this paragraph by this reference as if fully restated verbatim herein.

106.

Springfield has committed intentional, willful, and malicious torts and breaches upon Premier and is liable to Premier for punitive, deterrence, and

exemplary damages.

<center>107.</center>

Springfield's acts, omissions, breaches, violations of duties, violations of law, and tortious conduct have damaged Premier in an amount to be proven at trial.

<center>108.</center>

Springfield's actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which raises the presumption of conscious indifference to consequences.

<center>109.</center>

Springfield has acted (and has failed to act when required by law to act) with the specific intent to cause harm to Premier, and, thus, Premier is entitled to recover punitive, deterrence, and exemplary damages without limitation from Springfield in an amount to be determined by the enlightened conscience of an impartial jury.

<center>PRAYER FOR RELIEF</center>

WHEREFORE, Premier respectfully demands a jury trial on all issues in this action legally triable to a jury and respectfully requests the following relief:

(a)     That the Court enter an Order requiring the cancellation and removal of Springfield's Affidavit and Notice of *Lis Pendens* upon the subject property;

(b)     That the Court enter an interlocutory injunction and a permanent

<center>- 28 -</center>

injunction enjoining Springfield from interfering with Premier's ownership of the Monticello Estates Subdivision and from making, filing, or recording any claim of title upon the subject property;

(c)     That the Court enter a Declaratory Judgment that the Agreement is unenforceable, void for vagueness, and lacks consideration and that Springfield's Affidavit and Notice of *Lis Pendens* are void and without legal effect;

(d)     That Premier be awarded judgment in this action against Springfield on the basis of the claims and damages set forth in this Answer and Counterclaim, including, but not limited to, compensatory damages, special damages, consequential damages, and other damages;

(e)     That Premier be awarded judgment in this action against Springfield for all reasonable attorneys' fees and expenses of litigation incurred by Premier for the prosecution of this action, the pursuit of claims set forth in this action, and the defense of claims by Springfield in this action;

(f)     That Premier be awarded judgment in this action against Springfield for all costs of this action;

(g)     That Premier be awarded judgment in this action against Springfield for both prejudgment and post-judgment interest;

(h)      That Premier be awarded judgment in this action for punitive,

deterrence, and exemplary damages against Springfield in an amount to be determined by the enlightened conscience of an impartial jury and in accordance with law;

(i)     That Premier be awarded judgment in this action against Springfield for all relief prayed for by Premier in this Answer and Counterclaim; and

(j)     That Premier be awarded judgment in this action against Springfield for such additional damages, remedies, or relief as this Court may deem just and proper.

Dated:         August 15, 2018           Respectfully submitted,


                                          /s/  *Maggie M. Heim*
                                          EDWIN J. SCHKLAR
                                          Georgia Bar No. 629315
                                          MAGGIE M. HEIM
                                          Georgia Bar No. 001339
                                          Attorneys for Premier Choice Realty and
                                          Investments, LLC

Address:

Schklar & Heim, LLC
Suite 2250, Resurgens Plaza
945 East Paces Ferry Road
Atlanta, Georgia 30326
404-888-0100
404-888-0001 Fax
Edwin@AtlantaLawFirm.net
Maggie@AtlantaLawFirm.net